| | |
|---|---|
| George Hofmann (10005)<br>Steven C. Strong (6340)<br>Victor P. Copeland (13511)<br>**Parsons Kinghorn Harris**<br>A Professional Corporation<br>111 East Broadway, 11th Floor<br>Salt Lake City, Utah  84111<br>Telephone: (801) 363-4300<br>gbh@pkhlawyers.com<br>scs@pkhlawyers.com<br><br>Proposed attorneys for<br>Infinia Corporation | Troy J. Aramburu (10444)<br>Jeff D. Tuttle (14500)<br>**SNELL & WILMER L.L.P.**<br>15 W. South Temple, Suite 1200<br>Salt Lake City, Utah 84101<br>Telephone: (801) 257-1900<br>Facsimile:  (801) 257-1800<br>taramburu@swlaw.com<br>jtuttle@swlaw.com<br><br>Proposed attorneys for<br>PowerPlay Solar I, LLC |

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>INFINIA CORPORATION,<br><br>Debtor. | Bankruptcy No. 13-30688 (WTT)<br><br>Chapter 11 |
| In re:<br><br>POWERPLAY SOLAR I, LLC,<br><br>Debtor. | Bankruptcy No. 13-30690 (WTT)<br><br>Chapter 11 |

**DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION**

Infinia Corporation ("Infinia") and PowerPlay Solar I, LLC ("PowerPlay") (collectively, "Debtors"), move this Court for an order directing the joint administration of the above-captioned cases and authorizing related relief (the "Motion").  In support of the Motion, the Debtors state as follows:

{00175391.DOCX / 2}

## BACKGROUND

1. On September 17, 2013, Infinia filed a voluntary chapter 11 petition thereby commencing the above-captioned bankruptcy case styled: *In re Infinia Corporation*.

2. On September 17, 2013, PowerPlay filed a voluntary chapter 11 petition thereby commencing the above-captioned bankruptcy case styled: *In re PowerPlay Solar I, LLC*.

3. The Debtors continue to operate their businesses and manage their property as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

4. No examiner or trustee has been appointed in this case.

## JURISDICTION

5. This Court has jurisdiction to consider this matter pursuant to 11 U.S.C. §§ 157 and 1334.

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to U.S.C. § 1408.

## RELIEF REQUESTED

7. By this Motion, pursuant to Fed. R. Bankr. P. 1015 and Local Rule 1015-1, the Debtors seek entry of an order directing the joint administration of Infinia bankruptcy case and the PowerPlay bankruptcy case for procedural purposes only.

8. Local Rule 1015-1 provides that a motion for procedural consolidation may be brought before either of the judges assigned to the bankruptcy cases at issue. In this situation, both cases already have been assigned to Chief Judge Thurman.

9. The Debtors further propose that the Court clerk file and maintain all of

these pleadings under a single pleading docket for both of the Debtors' cases, and that all pleadings relating to their cases shall bear a joint caption in the form substantially similar to the following:

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re<br><br>INFINIA CORPORATION and<br><br>POWERPLAY SOLAR I, LLC,<br><br>Debtors. | Jointly Administered under<br>Case No. 13-30688 (WTT)<br><br>Chapter 11<br><br>**THIS DOCUMENT RELATES TO:**<br>☐ In re Infinia Corporation<br>☐ In re PowerPlay Solar I, LLC,<br>☐ Both Debtors |

10.  The Debtors further propose that the above procedure NOT apply to proofs of claim, that the clerk maintain a separate claims register for each case, and that proofs of claim be filed in the appropriate case under the applicable case number.

11.  Finally, the Debtors request that the Court authorize that a combined service list be used for the jointly administered cases, and combined notices be sent to creditors of Infinia and PowerPlay.

**BASIS FOR RELIEF**

12.  Fed. R. Bankr. P. 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates."

13. Moreover, the Bankruptcy Code defines the term "affiliate" to include a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote . . . by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ."  See Bankruptcy Code § 101(2)(B).

14. The Debtors are "affiliates" within the meaning of Bankruptcy Code § 101(2) because PowerPlay is a wholly owned subsidiary of Infinia.

15. In addition, joint administration of these bankruptcy cases will avoid duplicate notices, applications, motions and orders, thereby saving the Debtors considerable time and expense.  For example, joint administration will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest.  The Debtors anticipates that numerous notices, applications, motions, other pleadings and orders in these cases will affect both of the Debtors.

16. Furthermore, use of a single caption in these cases will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

17. Moreover, the rights of creditors will not be adversely affected by joint administration of these cases since the relief sought by this Motion is purely procedural and is in no way intended to affect substantive rights.  Indeed, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases.  The Court will also be relieved of the burden of entering duplicative

orders and maintaining duplicative files.  Supervision of the administrative aspects of these cases by the United States Trustee will also be simplified.

18.     Finally, procedural consolidation will avert the risk of inconsistent verdicts and will facilitate uniformity and fairness.

19.     If this Court approves the Motion, the Debtors and their counsel will continue, to the extent practicable, to separately allocate their fees among the respective bankruptcy estates.

WHEREFORE, the Debtors respectfully request entry of an order: (1) directing the joint administration of the Infinia and PowerPlay bankruptcy cases and the consolidation of these cases for procedural purposes only, under the caption designated above; (2) authorizing a combined service list for the jointly administered cases, and combined notices to creditors of the debtors' estates; and (3) for such other and further relief as may be appropriate under the circumstances.

Dated: September 18, 2013.

| SNELL & WILMER L.L.P. | PARSONS KINGHORN HARRIS |
|---|---|
| /s/ Troy J. Aramburu<br>Troy J. Aramburu<br>Jeff D. Tuttle<br>Proposed Attorneys for PowerPlay Solar I, LLC | /s/ Steven C. Strong<br>George Hofmann<br>Steven C. Strong<br>Proposed Attorneys for Infinia Corporation |