IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | ) Jointly Administered Under |
| | ) Case No. 13-30688 (WTT) |
| **INFINIA CORPORATION, and** | ) |
| **POWERPLAY SOLAR I, LLC** | ) Chapter 11 |
| **et al.** | ) Hearing Date: November 13, 2013 |
| | ) Objection Deadline: October 30, 2013 |
| **Debtors.** | )         (extended by agreement) |
| | ) |

### UNITED STATES' LIMITED OBJECTION AND RESERVATION OF RIGHTS AS TO DEBTORS' MOTION FOR SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND PROPOSED ASSUMPTION AND/OR ASSIGNMENT OF AGREEMENT WITH UNITED STATES

The United States files this limited objection to the Debtors' motion for approval of the sale of substantially all of their assets (Sale) and the related assumption and/or assignment of an agreement between debtor Infinia Corporation (Infinia) and the United States.  The proposed Sale and its treatment of the agreement fail to account for the United States' interests under the agreement and the equipment acquired with the proceeds of this agreement.  Therefore, the United States files this limited objection.[1]

### INTRODUCTION

The United States, through the Department of Energy (DOE), awarded Infinia Corporation (Infinia) a financial assistance agreement for the purpose of developing a higher-efficiency freezer unit (Cooperative Agreement).  The Cooperative Agreement commits approximately $3 million to Infinia for its expenditures furthering the agreement's purpose.  In return, Infinia must meet certain financial, reporting and record-keeping requirements.  The

---

[1] The United States are engaged in active discussions with the debtors to resolve this objection. The United States reserves its right to supplement this objection and/or withdraw the objection, as circumstances so warrant.

1

federal funds not yet disbursed under the Cooperative Agreement (approximately $450,000) and the freezer unit prototype developed with the funds disbursed (Funded Property) constitute a portion of the assets marketed for sale by Infinia.

Federal law protects the United States' interests in the Cooperative Agreement and the Funded Property. In particular, 10 C.F.R. § 600.321 defines the United States' rights in equipment acquired with federal funds, including the Funded Property. These rights include a right to compensation in any disposition of the Funded Property to the extent of the United States' participation in the Cooperative Agreement and the right to have Funded Property available for use on other federal projects. Moreover, federal law precludes the Debtors from assuming and/or assigning the Cooperative Agreement without obtaining consent of the United States. Because the contemplated Sale of the Funded Property and the related assumption of the Cooperative Agreement without United States' consent impermissibly extinguish the United States' interests, the United States files this limited objection.

## RELEVANT FACTS

On August 27, 2010, the United States, through the DOE, entered into the Cooperative Agreement with Infinia, described as award DE-AR0000125. Excerpts of the Cooperative Agreement, attached hereto as Exhibit 1. The Cooperative Agreement contemplates an award of $3,000,617 and the substantial involvement of DOE to promote Infinia's development of a more energy-efficient freezer unit. *Id*. To receive the awarded amounts, Infinia must meet certain developmental milestones and reporting obligations, and contribute its portion of the project's "cost share" described in the agreement. *Id*. To date, $443,489.97 remains to be disbursed to Infinia under the agreement. *See* Declaration of Krystal Paige at ¶ 6. To receive the amounts

remaining on the agreement, Infinia must, among other things, contribute an additional $107,260.37 under the agreement's "cost share" provisions. *Id.* at ¶ 7. Using the funds received under the Cooperative Agreement, Infinia has developed a prototype of the freezer unit (Prototype). Paige Decl. at ¶ 8. In Debtors' notice regarding contracts to be assumed (Notice, filed at docket item 104), Debtors listed the Cooperative Agreement with a cure amount of zero and purports to sell the Cooperative Agreement and the Funded Property free and clear of the United States' interests.

## LIMITED OBJECTION

**1.    United States' Consent Is Required Before The Debtors May Assume And/Or Assign the Cooperative Agreement.**

The Bankruptcy Code,[2] in view of 41 U.S.C. § 6305, precludes Infinia from assuming and/or assigning executory contracts without United States' consent.

11 U.S.C. § 365(c)(1) provides, in relevant part, that a debtor:

> may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if . . . applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and such party does not consent to such assumption or assignment.

*Id.* In construing this provision, the Bankruptcy Appellate Panel for the Tenth Circuit has held that the provision "requires a court to look to the 'applicable law' and determine whether a particular contract or lease is unassignable." *C.O.P. Coal Dev. Co. v. C.W. Mining Co. (In re C.W. Mining Co.)*, 422 B.R. 746, 761 (B.A.P. 10th Cir. 2010). "The phrase 'applicable law'

---

[2]    The Bankruptcy Code refers to title 11 of the United States Code.

generally refers to applicable non-bankruptcy law." *Id*. Here, the applicable law is the Assignment of Contracts Act, which provides:

> The party to whom the Federal Government gives a contract or order may not transfer the contract or order, or any interest in the contract or order, to another party. A purported transfer in violation of this subsection annuls the contract or order so far as the Federal Government is concerned, except that all rights of action for breach of contract are reserved to the Federal Government.

41 U.S.C. § 6305 (emphasis added); *In re West Electronics, Inc.*, 852 F.2d 79, 83 (3d Cir. 1988) (held that the Assignment of Contracts Act is "applicable law" under 11 U.S.C. § 365(c)(1)). Because, as explained below, the Cooperative Agreement is an executory contract with the United States, Infinia cannot assume or assign this contract without the consent of the United States.

An executory contract is a contract under which "the obligation of both the bankrupt and the other party are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." *Olah v. Baird (In re Baird)*, 567 F.3d 1207, 1210-11 (10th Cir. 2009) (adopting the "Countryman" definition for executory contracts). The Cooperative Agreement is an executory contract because unperformed material obligations of both parties remain. Under the Cooperative Agreement, the United States remains obligated to, among other things, provide approximately $450,000 to Infinia in accordance with the agreement's terms and provide federal stewardship of the project. Ex. 1 at 16-17[3] (defining stewardship activities). Infinia, on the other hand, must still: (1) meet its remaining Cost Share, *id*. at 14; (2) meet reporting requirements, *id*. at 17; and (3) meet a substantial number of

---

[3] For consistency, all page numbers refer to the repaginated numbers of Exhibit 1, notwithstanding the page numbers associated with each attachment to the award. For ease of reading, the repaginated numbering is located in the bottom right-hand corner of the document.

4

remaining technical milestones set forth in the agreement, Amended Milestones, attached hereto as Exhibit 2. Considering these continuing obligations, the Cooperative Agreement is an executory contract and, therefore, not assumable or assignable over the United States' objection. 41 U.S.C. § 6305; *see also Quiman, S.A. de C.V. v. United States*, No. 98-5036, 1999 U.S. App. LEXIS 732, at *3-4 (Fed. Cir. 1999) (held cooperative agreement is an enforceable contract). Accordingly, this Court should not approve any Sale that affects the Cooperative Agreement absent language ensuring that the agreement may not be assumed and/or assigned by Infinia without the United States' consent.[4]

## 2. The United States Maintains An Interest in Funded Property.

Using the funds disbursed under the Cooperative Agreement, Infinia has acquired or developed, among other things, a demonstration Prototype. Paige Decl. at ¶ 8. The Debtors acquired only conditional title to the property funded by the Cooperative Agreement (Funded Property), which includes the Prototype. 10 C.F.R. § 600.321 (Title Provision). The United States retains numerous rights, including a right to compensation upon disposition of the Funded Property commensurate with the federal "cost share." 10 C.F.R. § 600.321(f). Specifically, the Title Provision defines those interests as follows:

> If an item of real property or equipment is no longer needed for Federally sponsored projects, the recipient has the following options:
>
> (i) If the property is equipment with a current per unit fair market value of less than $5,000, it may be retained, sold, or otherwise disposed of with no further obligation to DOE.
>
> (ii) If the property that is no longer needed is equipment (rather than real property), the recipient may wish to replace it with an item that is needed

---

[4] In addition, the Cooperative Agreement is not assignable under 11 U.S.C. § 365(c)(2) because the agreement constitutes a contract to extend financial accommodations for Infinia's benefit.

> currently for the project by trading in or selling to offset the costs of the replacement equipment, subject to the approval of the contracting officer.
>
> (iii) The recipient may elect to retain title, without further obligation to the Federal Government, by compensating the Federal Government for that percentage of the current fair market value of the real property or equipment that is attributable to the Federal participation in the project.

*Id.* In addition, the United States maintains the right to have the Funded Property available for use on *other* federal projects. 10 C.F.R. § 600.321(e). These interests of the United States are not a part of the Debtors' estates. The United States' rights under federal law in property purchased with its funds cannot be extinguished through a bankruptcy sale or otherwise — and no court has even made such a suggestion.

The Bankruptcy Code defines the estate as including "legal and equitable interests *of the debtor*." 11 U.S.C. § 541(a)(1) (emphasis added). The initiation of a bankruptcy case does not expand the debtors' rights beyond that which existed at the commencement of the case. *See Cousatte v. Lucas (In re Lucas)*, 300 B.R. 526, 533 (B.A.P. 10th Cir. 2003); *Claybrook v. Consol. Foods, Inc. (In re Bake-Line Group, LLC)*, 359 B.R. 566, 570 (D. Del. 2007) (citing 5 Collier on Bankruptcy § 541.04 (15th ed. 2006)). At all times and pursuant to the express terms of the federal regulations governing the Cooperative Agreement, Infinia held only a conditional title to the Funded Property and may use such property only for "the authorized purposes of the project" and within defined parameters.[5] 10 C.F.R. § 600.321(b)(1). As described above, Infinia must also make such property available for other federal uses in defined circumstances. 10 C.F.R. § 600.321(e).

---

[5] The Title Provision subjects Infinia's interest in the Funded Property to the condition that it not "encumber the property without the approval" of the United States. 10 C.F.R. § 600.321(b)(3). Infinia violated this condition by granting a lien on such property to Atlas Global Investment Management LLP (Atlas) and affiliated parties. Exhibit C to Debtors' DIP financing motion [docket item 6]. Therefore, Infinia may have lost its conditional title to the Funded Property as a result.

6

Indeed, the United States' interests in property developed or purchased with funds provided under its financial assistance agreements are not only undisturbed by bankruptcy but also likely remove the *Debtors' interests* from the bankruptcy estate altogether. *See Westmoreland Human Opportunities, Inc. v. Walsh*, 246 F.3d 233 (3d Cir. 2001). *Westmoreland* held that, under certain circumstances:

> the supervisory controls imposed on a grant relationship by the substantive provisions of the [federal] grant program can be sufficiently pervasive, strict, and minute so as to make manifest the federal agency's strong interest in overseeing the administration of that grant program. It is that weighty federal interest, and not the bare fact of regulation itself, that can keep a bankruptcy debtor's interest in the grant relationship outside of 11 U.S.C.S. § 541's property definition.

*Id*. at 253. Applying that rationale, the court held that the debtor's interest in a United States Department of Housing and Urban Development (HUD) grant was not a part of the debtor's estate under section 541, citing the substantial restrictions placed on the use and disposition of the grant funds imposed by HUD. *See id.* at 247-48; *see also In re Joliet-Will County Cmty. Action Agency*, 847 F.2d 430, 431-32 (7th Cir. 1988) (federal grant funds and property purchased with such funds are not a part of the debtor's estate).

Similarly here, the Cooperative Agreement places significant limitations on the Debtors' use and access to the funds under the agreement and the Funded Property. The United States' continuing supervisory control and substantial involvement in the funded project highlight the weighty federal interest in ensuring that the recipient adheres to the goals of the Cooperative Agreement and uses the Funded Property in accordance with governing regulations and agreement provisions. *See Westmoreland*, 246 F.3d at 253. For these reasons, the Court should not approve the Sale of the Funded Property absent insertion of language to protect United States' rights under federal law.

**3.    The Bankruptcy Sale Must Account For The Interests Of The United States.**

The Cooperative Agreement advances significant policy objectives of the United States. As originally executed, the funded project proposed to "develop and demonstrate a prototype Stirling Air Conditioner (StAC) that combines recent disparate technology advances in a unique and innovative manner to produce a transformational improvement in compact cooling." (Ex. 1 at 65.)  In March of 2013, the project technical milestones and deliverables were updated to support design, fabrication, and testing of a prototype demonstration freezer unit. (Ex. 2 at 1.) The prototype freezer unit is needed for satisfactory completion of the Cooperative Agreement and may be needed for other Federally sponsored projects, including an ARPA-E award (DE-AR0000368) currently performed by Infinia Technology Corporation, an affiliate of the Debtors. The consent requirement and United States' continuing interests in the Funded Property discussed above work hand-in-hand to achieve the objectives of ongoing cooperative agreements — including the Cooperative Agreement at issue here. *See Summerfield Hous. Ltd. Pshp. v. United States*, 42 Fed. Cl. 160, 173 (Fed. Cl. 1998) (held federal law's requirement of United States' consent is to "allow the government to deal exclusively with the original claimant, and enable the government to be aware of its obligations.")*; See* 10 C.F.R. § 600.1 (providing that the regulations governing the Funded Property is to ensure "uniform policies and procedures for the award and administration of DOE grants and cooperative agreements"). Because bankruptcy provisions must be read in conjunction with other statutes and regulations, *see In re: McLean Indus.*, 74 B.R. 589, 600 (Bankr. S.D.N.Y. 1987), this Court should not approve the Sale unless it accounts for the United States' interests under federal law.

Dated: October 30, 2013

        Respectfully Submitted,

        STUART F. DELERY
        Assistant Attorney General

        /s/ Victor W. Zhao
        J. CHRISTOPHER KOHN
        TRACY J. WHITAKER
        VICTOR W. ZHAO

        Commercial Litigation Branch
        Civil Division
        United States Department of Justice
        P.O. Box 875
        Ben Franklin Station
        Washington D.C. 20044
        Tel. (202) 307-0958
        Fax (202) 514-9163
        Victor.W.Zhao@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 30th day of October, 2013, I caused a true and correct copy of foregoing document to be served via electronic mail upon all other parties receiving electronic notice under the Court's CM/ECF system.

                                         /s/ Victor W. Zhao
                                         Victor W. Zhao