George Hofmann (10005)
Steven C. Strong (6340)
Victor P. Copeland (13511)
**Parsons Kinghorn Harris**
A Professional Corporation
111 East Broadway, 11th Floor
Salt Lake City, Utah  84111
Telephone: (801) 363-4300
gbh@pkhlawyers.com
scs@pkhlawyers.com

Attorneys for
Infinia Corporation

# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re INFINIA CORPORATION, LLC, and POWERPLAY SOLAR I, LLC,<br><br>Debtors. | Jointly Administered under Case No. 13-30688 (WTT)<br><br>Chapter 11<br><br>**THIS DOCUMENT RELATES TO**:<br>☒  In re Infinia Corporation<br>☐  In re PowerPlay Solar I, LLC<br>☐  Both Debtors |

## REPLY IN SUPPORT OF SALE MOTION TO ADDRESS OBJECTION FILED BY GENERAL ELECTRIC CAPITAL CORPORATION

Infinia Corporation ("Infinia"), through counsel, submits this reply in support of the Motion for Order: (A) Approving Bid Procedures for Sale of Substantially All of Debtors' Assets; (B) Authorizing the Sale of Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; (C) Waiving the 14-Day Stay Otherwise Applicable Under Bankruptcy Rules 6004 and 6006; and (D) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, dated September 18, 2013 [Docket No. 10]

(the "Sale Motion") filed by Infinia and PowerPlay Solar I, LLC ("PowerPlay" and, together with Infinia, the "Debtors"), specifically to address the objection to the Sale Motion, dated October 28, 2013 [Docket No. 134] (the "Objection") filed by General Electric Capital Corporation ("GECC").  In further support of the Sale Motion, Infinia respectfully states as follows:

## INTRODUCTION

Through its Objection, GECC improperly purports to challenge the Sale Motion in its entirety.  GECC has filed its Objection after the Court has approved the bid procedures and after the deadline has passed to object to the sale of substantially all the Debtors' assets proposed through the Sale Motion.  In any event, GECC's objections to the merits of the Sale Motion are contradicted by evidence and findings at prior hearings and by supplemental filings with this Court.  Finally, GECC dedicates less than one sentence to the proposed cure amount under the equipment lease agreement between the Infinia and GECC, contending only that it is "inadequate."  However, Infinia is current on all post-petition monthly payments to GECC, and believes that the proposed cure amount—$4,069.03—accurately reflects the pre-petition portion of GECC's September 2013 invoice to Infinia, which Infinia believes to be the only outstanding amount under the equipment lease agreement.  The Court, therefore, should overrule GECC's Objection.

## STATEMENT OF FACTS RELEVANT TO THE MOTION

Infinia intends to and is prepared to present evidence of the following facts which the Court may find relevant to the Sale Motion and Objection:

1. On September 18, 2013, the Debtors filed and served upon GECC its notice of the October 2, 2013 deadline to object, and the October 4, 2013 hearing, on the bid procedures proposed through the Sale Motion.  [Docket Nos. 14 and 21]. GECC did not file an objection to the proposed bid procedures.

2. On September 25, 2013, the Debtors filed and served upon GECC notice of the October 15, 2013 deadline to object to the sale of substantially all of the Debtors' assets proposed through the Sale Motion.[1]  [Docket Nos. 48 and 49].

3. The Sale Motion included, as Exhibit 1, the proposed Asset Purchase Agreement dated September 17, 2013 (the "APA") between the Debtors and Atlas Global Investment Management, LLP, as administrative and collateral agent, but did not include the schedules and exhibits referred to in the APA.  On October 3, 2013, the Debtor filed with the Court its Notice of Filing that included all of the disclosure schedules referred to in the APA.  [See Docket No. 76].

4. On October 4, 2013, the Court conducted a hearing regarding the bid procedures proposed through the Sale Motion, among other motions (the "Bid Procedures Hearing").  [See Docket 86 for audio file].  At this hearing, the Debtors offered testimony on matters including (a) the Debtors' pre-petition marketing efforts, (b) the Debtors' post-petition marketing efforts, (c) the number of interested parties, and (d) the reasonableness of the proposed bid procedures.  [See, e.g., id. at 00:42:00-

---

[1] On October 7, 2013, the Debtors also filed and served upon GECC an amended notice regarding the sale of substantially all of the Debtors' assets proposed through the Sale Motion. [Docket Nos. 83 and 84].  This amended notice provided notice of the rescheduled bid deadline, auction and sale hearing, but reiterated the October 15, 2013 deadline to object to the sale of substantially all of the Debtors' assets proposed through the Sale Motion.

00:46:00 and at 00:48:50 through 00:53:10].  GECC did not appear at the Bid Procedures Hearing.  [See id. at 00:00:20-00:1:22].  At the close of the hearing, the Court made findings based upon this evidence and authorized the entry of an Order approving the bid procedures proposed through the Sale Motion, which subsequently was entered on October 11, 2013.  [See id at 3:07:50; Docket No. 103].

5. On October 11, 2013, pursuant to the Court-approved bid procedures, the Debtors filed and served upon GECC their Notice Regarding Executory Contracts and Unexpired Leases and Deadline to Object to Cure Amount and Related Matters; and Notice of Hearing [Docket No. 104] (the "Cure Notice").  The Cure Notice provided parties until October 28, 2013 to file an objection to the proposed cure amounts, adequate assurance of future performance and/or to the proposed assumption and assignment of an agreement listed in the Cure Notice.  The Cure Notice listed the equipment installment agreement (the "Agreement") with GECC, with a proposed cure amount of $4,069.03.

6. Under the Agreement, Infinia leases the following equipment from GECC: (a) a Rofin FLX75 Fiber Laser and (b) a UW 200 Workstation (the "Equipment").  The Equipment is critical to Infinia's manufacturing process.

7. Infinia is current on all post-petition payment obligations under the Agreement.  Infinia included monthly payments under the Agreement in the budget, through December 16, 2013, that this Court approved in connection with the approved post-petition financing and use of cash collateral in its Order entered October 10, 2013 [Docket No. 99 at pages 52-53].

8. On or about October 15, 2013, Infinia issued a check to GECC in the amount of $10,292.13, which amount reflects the post-petition portion of GECC's September 2013 invoice ($3,111.55) and the full amount of GECC's October 2013 invoice ($7,180.58). GECC's October 2013 invoice provides that payment was due on or before November 1, 2013. As such, the only amount outstanding under the Agreement, and thus listed in the Cure Notice, is $4,069.03, which amount reflects the pre-petition portion of GECC's September 2013 invoice.

9. Despite having been provided with two separate notices regarding the October 15, 2013 deadline to object to the sale of substantially all of the Debtors' assets proposed through the Sale Motion, GECC did not timely file an objection.

10. On October 28, 2013, GECC filed its Objection. GECC's sole reference to the proposed cure amount listed in the Cure Notice reads, in its entirety, as follows:

> [T]he purported cure payment is inadequate, and the stay[2] should be lifted to permit GECC to recover its Equipment.

Objection at 4. The remainder of the Objection purports to object to the Sale Motion on the merits, contending (a) that the bid procedures are inadequate, (b) that the Sale Motion omits the exhibits and schedules in the APA and (c) that the Debtors "have failed to meet their burden to prevail on the Sale Motion." Objection at ¶¶ 6-8.

---

[2] On October 24, 2013, GECC filed its Motion for Relief from the Automatic Stay [Docket No. 124] (the "Motion for Relief from Stay"), and provided the Debtors until November 12, 2013 to file an objection. Among other reasons, Infinia believes the Motion for Relief from Stay is without merit because (a) the Equipment is critical to Infinia's business and (b) Infinia is current on all post-petition obligations under the Agreement. Infinia will address GECC's factual allegations made in its Motion for Relief from Stay in a separate objection.

{00178851.DOCX / 2}    5

## ARGUMENT

### A. THE COURT ALREADY HAS APPROVED THE BID PROCEDURES AND THE DEADLINE FOR OBJECTING TO THE SALE MOTION HAS PASSED

Through its Objection, GECC attempts an improper collateral attack on the Sale Motion. The deadline to object to the bid procedures proposed through the Sale Motion already has passed, and the Court previously has entered an Order approving the bid procedures. Similarly, the deadline to object to the sale of substantially all of the Debtors' assets proposed through the Sale Motion also has passed. GECC received notice of these objection deadlines, but nevertheless did not timely file objections to the bid procedures or the proposed sale. Instead, GECC filed its Objection on the deadline set for objection to proposed cure amounts, while directing most of its Objection to the substance of the Sale Motion.

In any event, GECC's contentions regarding the bid procedures—e.g., that the Debtors have provided "no information" regarding the Debtors' marketing efforts—are not correct and are contradicted by the evidence presented and the findings made at the Bid Procedures Hearing. See Objection at ¶ 6.

### B. THE DISCLOSURE SCHEDULES OF THE APA ARE ON FILE WITH THE COURT

GECC incorrectly contends that the Sale Motion "does not provide adequate information to permit this Court to analyze the merits of the motion" because "there are no exhibits or schedules attached to the Sale Agreement." See Objection at ¶ 7. As described above, the Debtors filed all disclosure schedules referred to in the APA on October 3, 2013.

### C. THE DEBTORS' PROPOSED CURE AMOUNT IS CORRECT

Without further explanation, GECC makes the conclusory assertion that "the purported cure payment is inadequate." GECC, however, makes no attempt to explain how or why the proposed cure payment in the amount of $4,069.03 is not sufficient. As described above, Infinia is current on all post-petition monthly payments to GECC under the Agreement, with the pre-petition portion of GECC's September 2013 invoice being the only amount that remains outstanding.

### **CONCLUSION**

WHEREFORE, Infinia respectfully requests this Court to enter an Order (a) overruling the Objection, (b) granting the relief sought through the Sale Motion in connection with the sale of substantially all the Debtors' assets and the assumption and assignment of relevant contracts and leases, and (c) granting such other and further relief as is just and proper.

Dated:     November 4, 2013

**PARSONS KINGHORN HARRIS**
*A Professional Corporation*

/s/ Victor P. Copeland
STEVEN C. STRONG
GEORGE B. HOFMANN
VICTOR P. COPELAND

Attorneys for the Debtor