George Hofmann (10005)
Steven C. Strong (6340)
Victor P. Copeland (13511)
**Parsons Kinghorn Harris**
A Professional Corporation
111 East Broadway, 11th Floor
Salt Lake City, Utah  84111
Telephone: (801) 363-4300
gbh@pkhlawyers.com
scs@pkhlawyers.com

Attorneys for
Infinia Corporation

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re INFINIA CORPORATION, LLC, and POWERPLAY SOLAR I, LLC,<br><br>Debtors. | Jointly Administered under Case No. 13-30688 (WTT)<br><br>Chapter 11<br><br>**THIS DOCUMENT RELATES TO**:<br><br>☐   In re Infinia Corporation<br>☐   In re PowerPlay Solar I, LLC<br>☒   Both Debtors |

**DEBTORS' REPORT OF AUCTION RESULTS**
_____

Infinia Corporation ("Infinia") and PowerPlay Solar I, LLC ("PowerPlay") (collectively, the "Debtors") submit the following report of the results of the auction held November 11, 2013, pursuant to the Order Approving Bid Procedures for Sale of Substantially All of Debtors' Assets (the "Bid Procedures Order") [Dkt. No. 103].

1. Prior to the Auction,[1] the Debtors, in consultation with their professionals and counsel for the Official Committee of Unsecured Creditors (the "Committee"), determined that there were three Qualified Bidders permitted to participate in the Auction: (a) Atlas Global ("Atlas" -- the "stalking horse" bidder); (b) Ricor Generation Inc., a Delaware corporation ("Ricor"); and (c) Kolden Solar-Tech Industrial Park Ltd., a Chinese limited liability company ("Kolden").

2. The Auction was conducted on November 11, 2013 by Infinia's counsel of record, George Hofmann of Parsons Kinghorn Harris ("PKH"), in PKH's offices. After several rounds of preliminary discussions among various parties, the Auction began at approximately 11:45 a.m. and continued until approximately 6:00 p.m. A court reporter recorded the proceedings of the Auction.

3. Prior to receiving bid packages on or before the Bid Deadline (November 7, 2013), the highest and best offer for purchase of the Debtors' assets was the Stalking Horse Bid of Atlas of approximately $5.4 million (plus assumed liabilities), which would have resulted in an estimated **$225,000** in net funds potentially available for distribution to unsecured creditors of the Debtors' estates.

4. After receiving bid packages from Ricor and Kolden, and prior to the commencement of the Auction, the Debtors, in consultation with their professional advisors and the Committee, compared various provisions of the proposed asset purchase agreements of Atlas, Ricor, and Kolden, and developed a method for

---

[1] Capitalized terms not otherwise defined herein are defined in the Bid Procedures Order (or in the Bid Procedures attached thereto).

equalizing dissimilar provisions in the proposed agreements so that the purchase proposals could be compared, as far as practicable, on an "apples to apples" basis.

5. Atlas, Ricor, and Kolden each actively participated in numerous rounds of bidding at the Auction. At the conclusion of the Auction, the Debtors, in consultation with the Committee, declared the final bid of Ricor to be the highest and best offer for the purchase of the Debtors' assets. The final Ricor bid that was accepted as the Successful Bid was in the amount of $10,360,922 (nearly twice the amount of the initial Stalking Horse Bid) and is projected to result in an estimated net value to unsecured creditors of approximately **$4,500,000** (approximately twenty times more than the $225,000 amount with respect to the Stalking Horse Bid).

6. Attached hereto as Exhibit 1 is a table showing the final bids of Atlas, Ricor and Kolden received at the Auction and illustrating the Debtors' method for comparing the nominal economic value to creditors of those bids.

7. The Debtors, after consultation with the Committee, determined in their business judgment that the final bid of Kolden, in the top-line amount of $12,000,000, was not a higher and better offer than the final bids of Ricor and Atlas, for reasons to be explained at the Sale Hearing (including, among other reasons, lack of reliable assurances of Kolden's ability to promptly fund and close a transaction of that magnitude).

8. As indicated in the Exhibit, the Debtors, in consultation with the Committee, determined that the final bid of Atlas, which was in the amount of $7,845,200 having an estimated net value to unsecured creditors of **$3,323,462**, was

the second-place bid resulting from the Auction, and the Debtors have accepted the final Atlas bid as a qualified back-up bid.

Respectfully submitted this 13th day of November, 2013.

**PARSONS KINGHORN HARRIS**
*A Professional Corporation*

/s/ Steven C. Strong
STEVEN C. STRONG
GEORGE B. HOFMANN
VICTOR P. COPELAND

Attorneys for Infinia Corporation

# Exhibit 1

{00179544.DOCX /}

**Infinia Corporation and Powerplay Solar I, LLC**
**Comparison and Analysis of Bids to Purchase Assets and Assume Liabilities**

| Bid Component | 2nd Atlas | 1st Ricor | Kolden |
|---|---|---|---|
| Bid amount | $7,845,200 | $10,360,922 | $12,000,000 |
| Less: Investment Banker Fees over Atlas | | ($421,655) | ($520,000) |
| **Cash Bid Value** | $7,845,200 | $9,939,266 | $11,480,000 |
| Value of Waiver of Unsecured claim | $917,528 | | |
| **Total Bid Value** | $8,762,728 | $9,939,266 | $11,480,000 |
| Less: Payment to Secured Lender | ($5,439,266) | ($5,439,266) | ($5,439,266) |
| Less: unassumed Powerplay recapture payment | | | ($73,988) |
| **Net Value to Creditors and Estate** | **$3,323,462** | **$4,500,000** | **$5,966,745** |