**The below described is SIGNED.**



**Dated: April 14, 2014**

_____
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

_tjc_

Submitted by:

George Hofmann (10005)
Steven C. Strong (6340)
Victor P. Copeland (13511)
**Parsons Kinghorn Harris**
A Professional Corporation
111 East Broadway, 11th Floor
Salt Lake City, Utah  84111
Telephone: (801) 363-4300
gbh@pkhlawyers.com
scs@pkhlawyers.com

Attorneys for
Infinia Corporation

---

### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

---

| In re INFINIA CORPORATION, and POWERPLAY SOLAR I, LLC, Debtors. | Jointly Administered under Case No. 13-30688 (WTT) |
|---|---|

Chapter 11

**THIS DOCUMENT RELATES TO**:

☐   In re Infinia Corporation
☐   In re PowerPlay Solar I, LLC
☒   Both Debtors

---

### FINDINGS AND CONCLUSIONS REGARDING
### DEBTORS' CHAPTER 11 PLAN OF LIQUIDATION

---

The Court conducted a hearing on April 14, 2014 at 2:00 p.m. (the "Confirmation

Hearing") to consider confirmation of the _Debtors' Chapter 11 Plan of Liquidation Dated

February 24, 2014_ [Docket No. 271] (the "Plan") filed jointly by Infinia Corporation

("Infinia") and PowerPlay Solar I, LLC ("PowerPlay" and, collectively with Infinia, the

"Debtors").  Steven Strong appeared at the hearing on behalf of Infinia, Troy Aramburu
appeared on behalf of PowerPlay, and other appearances were noted on the record.

Based upon the evidence received at the Confirmation Hearing, the *Debtors'*
*Memorandum in Support of Plan Confirmation* [Docket No. 319], the other papers filed
concerning the Plan [including but not limited to Docket Nos. 269, 270, 276, 278, 315,
320 and 322], the statements of counsel, and other matters of record, having inquired
into the legal sufficiency of the evidence adduced, and good cause appearing, THE
COURT HEREBY FINDS AND CONCLUDES[1] as follows:

A. Exclusive Jurisdiction; Venue; Core Proceeding.  This Court has jurisdiction over
   the Bankruptcy Cases[2] pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper
   pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core
   proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction
   to determine whether the Plan complies with the applicable provisions of the
   Bankruptcy Code and should be confirmed.

B. Judicial Notice.  This Court takes judicial notice of the docket of the Bankruptcy
   Cases maintained by the Bankruptcy Court, including, without limitation, all
   pleadings, papers and other documents filed, all orders entered, and the
   transcripts of, and all minute entries on the docket indicating the evidence and
   arguments made, proffered or adduced at the hearings held before the Court
   during the pendency of the Bankruptcy Cases.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be
construed as findings of fact when appropriate.  See Fed. R. Bankr. Pro. 7052.
[2] Capitalized terms used but not otherwise defined herein are defined in the Plan.

C.  Transmittal and Mailing of Materials; Notice.  All due, adequate, and sufficient

notices of the Plan, the Confirmation Hearing, and the deadlines for voting on

and filing objections to the Plan, were given to all known holders of Claims in

accordance with the Bankruptcy Rules.  The Disclosure Statement, Plan, and

relevant ballots were transmitted and served in substantial compliance with the

Bankruptcy Rules upon Creditors entitled to vote on the Plan, and such

transmittal and service were adequate and sufficient.  No other or further notice

of the Plan or Confirmation Hearing is or shall be required.

D.  Solicitation.  The solicitation of votes for acceptance or rejection of the Plan

complied with §§ 1125 and 1126,[3] Bankruptcy Rules 3017 and 3018, all other

applicable provisions of the Bankruptcy Code, and all other rules, laws, and

regulations.  Based on the record before the Court in the Bankruptcy Cases, the

Debtors have acted in "good faith" within the meaning of § 1125, and are entitled

to the protections afforded by § 1125(e).

E.  Distribution.  All procedures used to distribute the solicitation materials to the

applicable holders of Claims and to tabulate the ballots were fair and conducted

in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of

the Bankruptcy Court, and all other rules, laws, and regulations.

F.  Creditors' Acceptance of Plan.  The Plan establishes five Classes of Claims and

one Class of Equity Interests.  Classes 1 and 4 accepted the Plan by affirmative

vote.  No qualifying ballots were returned with respect to Classes 2, 3, or 5, and

---

[3] Unless otherwise provided, all references to statutory sections in these Findings and
Conclusions using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

no creditors in those Classes objected to confirmation of the Plan.  Thus, Classes

2, 3, and 5 are deemed to have accepted the Plan.[4]   Accordingly, all five

Classes of Claims have accepted the Plan.  Class 6 (Equity Interests) is deemed

to have rejected the Plan.

G.  <u>Plan Complies with Bankruptcy Code</u>.  The Plan complies with the applicable

provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(1).

    i.        <u>Proper Classification</u>.  The Claims and Equity Interests placed in

each Class are substantially similar to other Claims and Equity Interests in

each such Class.  The Plan properly classifies Claims and Equity

Interests.  In addition to Administrative Expense Claims and Priority Tax

Claims, which are not classified under the Plan, the Plan designates

various separate Classes of Claims and Equity Interests based on

differences in their legal nature or priority.  Further, valid business, factual

and legal reasons exist for separately classifying the various Classes of

Claims and Equity Interests under the Plan.  Finally, the Classes do not

unfairly discriminate between holders of Claims or Equity Interests.  Thus,

the Plan satisfies §§ 1122 and 1123(a)(1).

    ii.     <u>Specify Unimpaired Classes</u>.  There are no unimpaired Classes under

the Plan.  All Classes of Claims and Equity Interests are impaired. Thus §

1123(a)(2) is satisfied.

---

[4] <u>See, e.g.</u>, <u>In re Ruti-Sweetwater, Inc.</u>, 836 F.2d 1263, 1267-68 (10th Cir. 1988); <u>In re Jones</u>, 530, F.3d 1284, 1291 (10th Cir. 2008); <u>In re Armstrong</u>, 292 B.R. 678, 684 (10th Cir. B.A.P. 2003).

iii.    <u>Specify Treatment of Impaired Classes</u>.  Classes 1 through 6 are

designated as impaired under the Plan.  Article IV of the Plan specifies the

treatment of the impaired Classes of Claims and Equity Interests, thereby

satisfying § 1123(a)(3).

iv.    <u>No Discrimination</u>.  The Plan provides for the same treatment for each

Claim or Equity Interest in each respective Class unless the holder of a

particular Claim has agreed to less favorable treatment with respect to

such Claim, thereby satisfying § 1123(a)(4).

v.    <u>Implementation of Plan</u>.  The Plan provides adequate and proper means

for implementation of the Plan, thereby satisfying § 1123(a)(5).  Among

other things, the Plan provides for a Liquidating Trustee to administer the

resolution of all claims and distribute the Debtors' net assets to creditors

whose claims are allowed.

vi.    <u>Corporate Charter Provisions Inapplicable</u>.  Section 1123(a)(6) is

satisfied because all Equity Interests are automatically cancelled as of the

Effective Date pursuant to Section 4.6(a) of the Plan.

vii.    <u>Selection of Post-Confirmation Manager</u>.  The identity and affiliations of

the Liquidating Trustee is disclosed in the Disclosure Statement and the

Plan.  Further, provisions in the Plan regarding the selection of the

Liquidating Trustee is consistent with the interests of creditors and with

public policy.  Thus, § 1123(a)(7) is satisfied.

viii.    <u>Payments from Future Income of the Debtor</u>.  The Debtors are not

individuals, and thus § 1123(a)(8) does not apply.

ix.      <u>Additional Plan Provisions</u>.  The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thus satisfying the requirements of § 1123(b).

x.      <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies the Debtors as the proponents, thereby satisfying Bankruptcy Rule 3016(a).

H.  <u>The Plan and the Proponents Comply with the Bankruptcy Code</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code.  Likewise, the Debtors have complied with the applicable provisions of the Bankruptcy Code.  Thus, §§ 1129(a)(1) and (a)(2) are satisfied.

i.      The Debtors are proper proponents of the Plan under § 1121(c).

ii.      The Debtors have complied with the applicable provisions of the Bankruptcy Code, including § 1125, the Bankruptcy Rules, and other orders of the Court in transmitting the Plan, the Disclosure Statement, the ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

I.  <u>Plan Proposed in Good Faith</u>.  The Plan is proposed in good faith and not by any means forbidden by law, and therefore complies with the requirements of § 1129(a)(3).  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Bankruptcy Cases and the formulation of the Plan.  Among other things, the Court finds:

i.      the Debtors filed the Bankruptcy Cases, and proposed the Plan, for a valid reorganizational purpose;

ii.  neither the Bankruptcy Cases nor the Plan were filed as a litigation tactic or for delay;

iii.  the Debtors have been, and are, actively prosecuting their Bankruptcy Cases;

iv.  the Debtors proposed the Plan with the legitimate and honest purpose of, among other things, maximizing returns to creditors;

v.  the Plan contemplates full payment of Allowed Claims in Classes 1 through 3, and significant distributions to holders of Allowed Claims in Classes 4 and 5;

vi.  the Debtors have sufficient liquidated funds to fully implement the Plan;

vii.  these are not cases involving a single asset or single creditor;

viii. the Debtors have a reasonable possibility of successfully implementing the Plan and making significant distributions to holders of Allowed Claims; and

ix.  the Plan is feasible and practical, and there is a reasonable likelihood that the Plan will achieve its intended results, which are consistent with the purposes of the Bankruptcy Code.

J.  <u>Payments for Services or Costs and Expenses</u>.  Any payment made or to be made under the Plan for services or for costs and expenses in or in connection with the Bankruptcy Cases prior to the Effective Date, including all fees and expenses incurred by Professionals, has been approved by or is subject to the approval of the Court as reasonable, thereby satisfying § 1129(a)(4).

K.  Manager of the Reorganized Debtor.  The Plan and the Disclosure Statement identify Gil A. Miller of Rocky Mountain Advisory, the Debtors' professional accountants and tax advisors in these Bankruptcy Cases, as the initial Liquidating Trustee.  The service of Mr. Miller as the post-Effective Date administrator of the Debtors' consolidated Estates is consistent with the interests of the holders of Claims and with public policy.  Therefore, the requirements of § 1129(a)(5) are satisfied.

L.  No Rate Changes.  The Plan satisfies § 1129(a)(6) because the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

M.  Best Interests of Creditors Test.  Because Classes 1 through 3 and Class 5 accepted the Plan by unanimous affirmative vote or by deemed acceptance as noted above, the Plan satisfies § 1129(a)(7)(i) with respect to these Classes of Claims.  With respect to Class 4, which accepted the Plan but had a few creditors voting to reject, and Class 6, which is deemed to reject the Plan, the Plan satisfies § 1129(a)(7)(A)(ii) because each holder of a Claim in Class 4 or Equity Interest in Class 6 (as well as holders of Allowed Claims in all other Classes) will receive or retain under the Plan on account of such Claim or Equity Interest property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

N.  Acceptance by All Classes.  Classes 1 through 6 (all Classes) are impaired, but as noted above, all Classes of Claims (Classes 1 through 5) have accepted the

Plan.  Therefore, § 1129(a)(8) is satisfied with respect to all Classes of Claims.
As to Class 6 (Equity Interests), the Plan is confirmable pursuant to § 1129(b),
and discussed below.

O.  <u>Treatment of Administrative Expense Claims and Priority Tax Claims</u>.  The Plan
satisfies the requirements of § 1129(a)(9).  Except to the extent the holder of a
particular Claim agrees to a different treatment, the Plan specifies that
Administrative Expense Claims (including professional compensation) and
Priority Tax Claims will be paid as mandated by § 1129(a)(9).

P.  <u>Acceptance by at Least One Impaired Class</u>.  Classes 1 through 5 have
accepted the Plan, as noted above.  Therefore, there is at least one impaired
accepting Class, and § 1129(a)(10) is satisfied.

Q.  <u>Feasibility</u>.  The Plan is feasible and complies with § 1129(a)(11) because
confirmation is not likely to be followed by a liquidation or the need for further
financial reorganization of the Debtors, excepting the liquidation specifically
contemplated under the Plan.  The Plan offers a reasonable prospect of success
and is workable.

R.  <u>Payment of Fees</u>.  All fees payable under 28 U.S.C. § 1930 have been paid or
will be paid on or before the Effective Date pursuant to Section 2.2(b) of the Plan,
thereby satisfying § 1129(a)(12).

S.  <u>Continuation of Retiree Benefits</u>.  The Plan complies with § 1129(a)(13) because
the Debtors have no obligation to pay retiree benefits subject to § 1114.

T.  <u>No Domestic Support Obligations</u>.  The Debtors are not individuals and thus
have no domestic support obligations.  Therefore § 1129(a)(14) is not applicable.

U. <u>Projected Disposable Income</u>.  The Debtors are not individuals and thus the

disposable income test of § 1129(a)(15) does not apply.

V. <u>Transfers Will Comply with Nonbankruptcy Law</u>.  Although the Plan does not

contemplate any transfers of assets other than to the Liquidating Trust, the Plan

complies with § 1129(a)(16) because any transfers of assets to be made under

the Plan will be made in accordance with applicable nonbankruptcy law that

governs the transfer of property by a corporation or trust that is not a moneyed,

business, or commercial corporation or trust.

W. <u>Fair and Equitable; No Unfair Discrimination</u>.  All Classes of Claims have

accepted (or are deemed to have accepted) the Plan, and thus compliance with §

1129(b) is not required with respect to Claims.  With respect to the Class of

Equity Interests (Class 6), the Plan complies with § 1129(b)(1) and (2) because

the Plan does not discriminate unfairly with respect to Class 6, and is fair and

equitable in compliance with § 1129(b)(2)(C) because there is no fixed liquidation

preference or fixed redemption price associated with any of the Equity Interests

and, in any event, there are no junior interest holders receiving or retaining any

property under the Plan.

X. <u>No Other Plan.</u>  No other chapter 11 plan is pending before the Court in these

Bankruptcy Cases, and so § 1129(c) does not apply.

Y. <u>Principal Purpose of Plan</u>.  The principal purpose of the Plan is not the avoidance

of taxes or the avoidance of the application of Section 5 of the Securities Act of

1933 (15 U.S.C. § 77e).  Therefore, the Plan satisfies the requirements of §

1129(d).

Z. <u>Not a Small Business Case</u>.  These are not small business cases.  Therefore, §
1129(e) is not applicable.

The Court may have announced other findings of fact and conclusions of law on
the record at the Confirmation Hearing, which findings and conclusions are incorporated
herein by reference.

In summary, the Plan complies with, and the Debtors have satisfied, all
applicable confirmation requirements, and the Plan will be confirmed by entry of the
separate Confirmation Order.

------------------------------------- END OF DOCUMENT -------------------------------------